## PITMAN *v.* THE TOWN OF ALBANY.

Evidence, to be conclusive, must amount to an estoppel.

Where the plaintiff brought his action against the town of A. for an injury received by an alleged defect in a highway, and the town proved that when the highway was laid out, in 1845, two of the selectmen of the defendant town and of the adjoining town of E. were present with the commissioners, and that the road was laid out as within the limits of E, with the knowledge and assent of the selectmen of both towns, and the road was afterwards built by the town of E.; and also proved that the owners of adjoining lots had treated the place as within the town of E.—*held*, that the evidence was not conclusive upon the plaintiff as showing the place of the accident to have been in the town of E. instead of A.

CASE, to recover damages for an injury alleged to have been occasioned by a defect in a highway in the defendant town, on the 27th day of September, 1850.

The accident occurred near the town line between the towns of Albany and Eaton, in the county of Carroll.

The plaintiff introduced evidence tending to show a town line two rods south of the place in question, and the defendant's evidence to show a town line two rods north of it.

It appeared that the highway between these lines was a small section of a road laid out in 1845, by the road commissioners, in Albany and Eaton. The report describes the road thus—" beginning in Eaton, at a stake on the east side

of the Pigwacket bridge; thence north twenty-six degrees east, thirty-seven rods; thence north sixty-five degrees east, twenty rods; thence north fifteen degrees east, twenty rods; thence north twenty-five degrees east, sixteen rods; thence north twenty-two degrees east, fourteen rods to Albany line; thence north fifteen degrees east, twenty-four rods, &c."

Two of the selectmen of each town were present with the commissioners at the time of the survey and laying out, and what is now called the north line was taken by the commissioners as the town line, with the knowledge and assent of the selectmen of both towns, and the report was accepted and the road built by the respective towns accordingly, without any objection by either town to such line until after September, 1850. It also appeared that for several years prior to 1845, the north line had been recognized by adjoining owners, and others, as the town line. But since September, 1850, the south line has been discovered, and is now claimed by Eaton and by the plaintiff as the true line.

The defendants contended that the facts above set forth rendered the north line binding upon the towns, and upon the plaintiff for all purposes of this suit. And for the purpose of obtaining the opinion of this court upon the question, the case was transferred by the common pleas, with an agreement that, after the decision, the case might be discharged and the action stand for trial if either party desired it.

*Burns & Fletcher*, for the plaintiff.

*Eastman* and *Benton*, for the defendants.

EASTMAN, J. This action was founded upon the first section of chapter fifty-seven of the Revised Statutes, which is as follows:

" In case any special damage shall happen to any person,

or to his team or carriage, by reason of the obstructions, insufficiency or want of repair of any highway or bridge in any town, the person injured shall recover his damage in an action against such town."

Under this section, towns can only be liable for injuries sustained upon highways within their limits; and a plaintiff, to recover, must show, *prima facie*, at least, that the place where the injury was received was upon a road which the defendant town was obliged to make, and also keep in good repair, and which was within the limits of the town sought to be charged.

To sustain his action upon this point, the plaintiff introduced evidence tending to show a town line two rods south of the place where the injury was received; which line would bring the road within the limits of the defendant town. It appears, however, that there is another line between this town and the adjoining town of Eaton, called the north line, and which, if it be the true dividing line between the towns, would make the place of the accident within the limits of Eaton.

In answer to the plaintiff's evidence, tending to show that the injury was received within the limits of Albany, evidence was introduced on the part of the defence, showing that the road was laid out by the road commissioners in 1845; that at the time of the survey and laying out, two of the selectmen of each of the towns of Eaton and Albany were present, and what is now called the north line was taken by the commissioners as the true line, with the knowledge and assent of the selectmen of both towns; and the report was accepted and the road made by the respective towns accordingly, without any objection by either town until after the time of the injury received by the plaintiff.

The case also finds that for several years prior to 1845 the north line had been recognized by adjoining owners and others as the town line.

From these facts it appears that the road, where the injury

was received, was made by the town of Eaton; and we judge, also, that this is more a controversy between the two towns than between the plaintiff and the town of Albany.

But, however that may be, there is, as we view it, but one question only presented for our consideration, and that is this, was the evidence introduced by the defendants conclusive, as showing the injury not to have been received upon a road which the town of Albany was bound to keep in repair? Or, in other words, was it conclusive as showing the place of the injury to have been in Eaton instead of Albany? for, according to the section of the statute cited, it must appear that the highway was within the limits of the town sought to be charged, otherwise the town is not liable.

In regard to this question we think there can be but very little doubt. The evidence was competent for a jury to consider in deciding where the true line between the towns was. Especially would this be so, were the question a direct one between the two towns, for it consisted of acts done by the officers of the town in a matter about which they could legally act. But these acts do not conclusively bind the towns. They show that the selectmen of both towns, and others, believed, at the time, that the true line was the north one. But there was no running of the line between the towns; no perambulation; no agreement fixing the line, nor any positive evidence of its location shown. The evidence introduced amounted to this, that prior to 1845, adjoining owners, and others, believed and treated the north line as the true one; and in that year the selectmen of both towns showed that line to the road commissioners as the correct one, and the road was laid out accordingly; and subsequently Eaton made the road between the two lines. And this evidence the defendants say is binding upon the towns and upon the plaintiff, and cannot be contradicted; that it fixes the road within the limits of Eaton, and that consequently the suit must fail.

But we think this position cannot be sustained. The evidence might make a very good *prima facie* defence, as tending to show the north line to be the true one, and consequently the place of the accident in Eaton. But the facts stated do not conclusively make that line the true one, nor the road in Eaton; and if the plaintiff can satisfy the jury that, notwithstanding this evidence, the true line is the south one, and the road as a consequence in Albany, he must prevail in his suit.

We do not think the evidence would be conclusive between the towns themselves, in a controversy directly between them; much less can it be between the plaintiff and the town, when in order to sustain his action he is obliged to show that the place where the accident happened was within the limits of the town. He was in no way a party to or connected with the transaction stated. Evidence to be conclusive must be equivalent to an estoppel; and we are quite clear that this evidence does not amount to that, either as against the plaintiff or the town.

The opinion, therefore, to be certified to the common pleas is, that the evidence offered by the town was not conclusive upon the plaintiff.